JOSE MARIA GARCIA VILLAREAL V. THE STATE OF TEXAS.

1. CONSTRUCTION OF STATUTE—EVIDENCES OF TITLE.—The law authorizing this suit required that the claimant should accompany the petition with the titles, or evidences of title, or right under which the land is held or claimed. The title or evidences required to be filed with the petition are the muniments of title, whether perfect or imperfect, that had been issued to the original grantee, in whose name the patent was to be issued, upon a confirmation of the grant.

2. SAME—MESNE CONVEYANCES.—It was not, therefore, fatal to the right of petitioners that they failed to file evidence of the transfers under which, as assignees, they claimed. Such documents should be filed a reasonable time before the trial, so that their genuineness and validity might be inquired into.

3. SAME.—The purpose of the act, in requiring the transfers, was only to protect the State from being sued by a person who had no interest in the land.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

*James H. Bell,* and *Chandler, Carleton & Robertson,* for appellants.

*George Clark, Attorney General,* and *Peeler & Fisher,* for the State.

ROBERTS, CHIEF JUSTICE.—The certified copy of the title to the original grantee, Antonio Elisondo, granted by the Governor of the State of Tamaulipas, on the 25th day of November, 1835, filed with the petition in this case, presents the form and terms of a perfect title, under the decree No. 24 of 1833.

The appellant, Villareal, claims, in the petition, to be the owner of the land as assignee, but did not file with the petition the deeds of transfer to him for the land until after two years from the 15th of August, 1870, during which time he was allowed to bring such a suit. (Paschal's Dig., art. 7077.)

Upon that ground, upon motion of appellee, the suit was dismissed by the District Court, which ruling of the court is assigned as error, and which presents the only question in this case.

The statute requires that the claimant shall " accompany the petition with the titles, or evidences of titles, or right under which the same is held or claimed." (Paschal's Dig., art. 7068.)

From the general scope and purpose of the statute authorizing this suit, it is to be deduced that the title, or evidences of title, or right required to be filed with the petition, refers particularly to the muniments of title, whether perfect or imperfect, that had been issued to the original grantee, in whose name the patent was to be issued, upon a confirmation of the title. In the case of heirship, there could be no such evidence of right in the applicant to be filed. And in case of the assignee bringing a suit, if it was necessary for him to file the transfer under which he derived title from the original grantee, it would be sufficient for them to be filed a reasonable time before the trial, so as that their genuineness and validity might be inquired into, which, we think, was done in this case.

It is not the object of this suit to determine the right of the assignee to the land, as against the heirs or other parties, nor to do more than to protect the State from being sued by a person who has no interest in the land.

REVERSED AND REMANDED.